# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 0978, 02 C 3436 | **DATE** | August 19, 2003 |
| **CASE TITLE** | *Birnberg v. Milk Street, et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ☐ [Other docket entry]   For the reasons set forth in the attached Memorandum and Order, this Court overrules Plaintiffs' Objections [110-1] and adopts and affirms Magistrate Judge Nolan's Report and Recommendation denying Plaintiffs' Motion for Class Certification [83-1]. It is so ordered.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 20 2003 | |
| | Notified counsel by telephone. | date docketed | 118 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| RTS | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARL BIRNBERG and JACOB MOSKOVIC,
on behalf of themselves and all others similarly
situated,

    Plaintiffs,

v.

MILK STREET RESIDENTIAL ASSOCIATES
LIMITED PARTNERSHIP, LEND LEASE REAL
ESTATE INVESTMENTS, INC., BOSTON
FINANCIAL TECHNOLOGY GROUP INC.,
LAKE MICHIGAN ASSOCIATES, LLC, LMA
GP LLC, CLARK ENTERPRISES, INC. AND
CLARK ONTERIE, L.L.C.,

    Defendants.

CARL BIRNBERG and JACOB MOSKOVIC,
on behalf of themselves and all others similarly
situated,

    Plaintiffs,

v.

BOSTON FINANCIAL GROUP, LIMITED
PARTNERSHIP, AND BOSTON FINANCIAL
GROUP, INC.

    Defendants.

DOCKETED
AUG 2 0 2003

Hon. Blanche M. Manning

02 C 0978, 02 C 3436
(Consolidated Proceedings)

## MEMORANDUM AND ORDER

Plaintiffs Carl Birnberg and Jacob Moskovic are former limited partners of a partnership that owned a high rise building in Chicago, Illinois. After selling their interests in the limited partnership, Plaintiffs brought the instant action, on behalf of themselves and a proposed class (consisting of the other limited partners), for breach of fiduciary duty, breach of contract, breach

of implied covenant of good faith and fair dealing, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, intentional interference with contractual relations, fraud, and negligent misrepresentation against: (1) Milk Street Residential Associates Limited Partnership ("Milk Street"), a Massachusetts limited partnership; (2) Lend Lease Real Estate Investments, Inc. ("Lend Lease"), a Delaware corporation; (3) Boston Financial Technology Group, Inc. ("BFTGI"), a Massachusetts corporation; (4) Lake Michigan Associates LLC ("Lake Michigan"), a Delaware limited liability company; (5) LMA GP LLC ("LMA"), a Delaware limited liability company, (6) Clark Enterprises, Inc. ("Clark Enterprises"), a Maryland corporation; (7) Clark Onterie, LLC ("Clark Onterie"), a Maryland corporation; (8) Boston Financial Group, Limited Partnership ("BFGLP"), a Massachusetts limited partnership; and (9) Boston Financial Group, Inc. ("BFGI"), a Massachusetts corporation.

The instant matter comes before the Court on Plaintiffs' Objections to the Report and Recommendation ("R&R") of Judge Nolan, submitted to this Court pursuant to Federal Rule of Civil Procedure 72, recommending that this Court deny Plaintiffs' Motion for Class Certification. Having reviewed Judge Nolan's thorough and well-reasoned R&R, the objections and submissions, and the pertinent parts of the record, this Court adopts Judge Nolan's R&R in its entirety denying the motion for certification and OVERRULES Plaintiffs' Objections.

# BACKGROUND[1]

This matter stems from a partnership dispute arising out of the Franklin Building Associates Limited Partnership ("the Franklin Partnership"), which was formed by BFTGI in 1984 to own units in Onterie Associates, an Illinois limited partnership, which was created to own and operate the Onterie Center, a 60 story residential and commercial building in Chicago, Illinois. Plaintiffs were among 174 limited partners who bought an interest in the Franklin Partnership.

The Franklin Partnership, however, was not a financial success and by June of 1998, it was facing foreclosure. Plaintiffs allege that Defendants created a scheme to unlawfully enrich themselves at the expense of the limited partners by fraudulently obtaining the consent of two-thirds of the limited partners for approval of a plan to buy out the limited partners.

# STANDARD OF REVIEW

Section 636(b)(1)(B) of Title 28 authorizes a district court to refer a matter to a magistrate judge to conduct an evidentiary hearing. Following this hearing, the magistrate judge cannot enter a final judgment, but must submit to the district court proposed findings of fact and recommendations for disposition, to which either party may file written objections within 10 days. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The district court is required to conduct a de novo review of those portions of the magistrate judge's report and recommendations to which specific written objections have been filed. Rajaratnam v. Moyer, 47 F.3d 922, 924 (7th Cir.

---

[1] The facts of this action are throughly discussed both in Judge Nolan's R&R and this Court's prior Memorandum and Order granting in part and denying in part Defendants' motion to dismiss.

3

1995). This de novo review, however, is not the same as a de novo hearing. The district court is not required to conduct another hearing to review the magistrate judge's findings and credibility determinations. United States v. Raddatz, 447 U.S. 667, 675 (1980); Goffman v. Gross, 59 F.3d 668, 671 (7th Cir. 1995); United States v. Severson, 49 F.3d 268, 273 (7th Cir. 1995). Rather, the district court has discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

If the district court finds a problem with the R&R, it may take additional evidence, call witnesses, or remand to the magistrate judge for further proceedings. Raddatz, 447 U.S. at 675. Judicial efficiency, however, requires parties to present their arguments to the magistrate judge in the first instance, as the review procedure is not an opportunity to present new arguments not considered by the magistrate judge. Scholes v. Stine, McGuire & Benjamin, 786 F. Supp. 1385, 1394 n. 8 (N.D. Ill. 1992). If, following a review of the record, the district court is satisfied with the magistrate judge's findings and recommendations, it may in its discretion treat those findings as its own. Raddatz, 447 U.S. at 676. With these principles in mind, the Court reviews Judge Nolan's R&R de novo.

## ANALYSIS

Plaintiffs object to Judge Nolan's R&R recommending that this Court deny their Motion for Class Certification. Judge Nolan found that Plaintiffs' failed to meet: (1) Rule 23(a)(4)'s adequacy of representation requirement; and (2) Rule 23(b)(3)'s requirement that common questions of fact or law predominate over issues affecting individual class members.

4

## I. Adequacy of Representation

Rule 23(a)(4) mandates that "the representative parties will fairly and <u>adequately protect the interest of the class</u>." (Emphasis added.) To determine whether the class representatives will adequately represent the class as a whole, courts examine whether: (1) the representatives have antagonistic or conflicting claims with the other class members; and (2) the counsel for named plaintiffs can sufficiently represent the class. <u>Retired Chicago Police Assoc. v. City of Chicago</u>, 7 F.3d 584, 598 (7th Cir. 1993). In examining the conflict of interest prong, courts may consider potential conflicts which may arise as the litigation progresses. <u>Gilpin v. American Federation of State, County, and Municipal Employees, AFL-CIO</u>, 875 F.2d 1310, 1313 (7th Cir. 1989).

Judge Nolan found that Plaintiffs had a serious potential conflict of interest with some of the class members. The Named Plaintiffs seek to have the sale of the limited partners' shares declared void and a return of their interest in the Onterie Center. As Judge Nolan pointed out, however, two-thirds of the limited partners approved the transaction and might not wish to have it undone, particularly because of the financial condition of the venture and the possible tax consequences of voiding the transaction.

Plaintiffs contend that Judge Nolan erred because: (1) whether the class members voted against the transaction is irrelevant to the determination of adequacy; and (2) she only considered the injunctive relief sought and not whether the Named Plaintiffs would be adequate representatives in seeking to disgorge Defendants' ill-gotten gains. After reviewing the R&R and the relevant case law, this Court finds that these contentions are not sufficient to overrule Judge Nolan's R&R.

5

With regard to the first contention, it mischaracterizes Judge Nolan's finding. She did not rest her adequacy holding on the fact that two-thirds of the limited partners approved the transaction. Instead, she relied on the fact that there was a distinct and real possibility that many of the limited partner would not want the transaction voided.

As for the second contention, this Court finds that the majority of cases have held that, regardless of the relief sought, where there is a possibility that the other shareholders/class members would not want the transaction/merger voided, the named plaintiffs are not adequate representatives under Rule 23(a)(4). See Isen v. GSC Enters., Inc., 508 F. Supp. 1278, 1295-96 (N.D. Ill. 1981) (in denying class certification where the complaint sought declaratory, injunctive, and monetary relief, the court found that the named plaintiff was not an adequate representative of the class where over 80% of the shareholders had approved the merger and "it is unlikely" that those shareholders would want the merger rescinded three years later); Kas v. Fin. Gen. Bankshares, Inc., 105 F.R.D. 453, 462-63 (D.D.C. 1985) (in denying class certification where the complaint sought declaratory, injunctive, and monetary relief, the court found that the named plaintiff was not an adequate representative of the class, where many of the class members "may" not want the merger declared void); Maynard, Merel & Co. v. Carcioppolo, 51 F.R.D. 273, 277-78 (S.D.N.Y. 1970) (same). See also Pomierski v. W.R. Grace & Co., 282 F. Supp. 385, 392 (N.D. Ill. 1967) (finding that named plaintiff's interest antagonistic to class members because many of the class members would not want the deal undone); Shulman v. Ritznberg, 47 F.R.D. 202, 207-08 (D.D.C. 1969) (finding the class representative, one of 49 joint

ventures, would not adequately protect the class, the other joint ventures, filed affidavits with the court stating their displeasure with the suite).

Accordingly, this Court overrules Plaintiffs' objection to Judge Nolan's finding that Plaintiffs had a serious potential conflict of interest with some of the class members and therefore are not adequate representatives as required by Rule 23(a)(4). Because this ground is sufficient to deny the motion for class certification, the Court will not discuss the other reason that Judge Nolan recommended that class certification be denied.

## CONCLUSION

For the reasons discussed above, this Court overrules Plaintiffs' Objections [110-1] and adopts and affirms Magistrate Judge Nolan's Report and Recommendation denying Plaintiffs' Motion for Class Certification [83-1]. It is so ordered.

ENTER:

*Blanche M. Manning*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATE: AUG 1 9 2003

8